## UNITED STATES *v.* HIRSCH.

1. A period of less than five years will not bar a prosecution for effecting an entry of goods at the custom-house by a fraudulent invoice of them, and a false classification as to their quality and value.
2. A conspiracy to defraud the United States of the duties on certain imported goods is not "a crime arising under the revenue laws," and the persons charged therewith cannot be prosecuted therefor unless they be indicted within three years next after the alleged committing thereof.

CERTIFICATE of division in opinion between the judges of the Circuit Court of the United States for the Southern District of New York.

An indictment, consisting of four counts, was found, Feb. 3, 1877, against Hiram Hirsch and others, who pleaded that the offences therein charged had been committed more than three years before the finding of the indictment.

The first count was drawn under sect. 5440, Rev. Stat., and charges the defendants with a conspiracy, entered into on the first day of September, 1873, to defraud the United States out of the duties on certain described merchandise to be thereafterwards imported into the United States.

The second count charges a conspiracy, entered into on the thirteenth day of September, 1873, to defraud the United States out of duties on certain merchandise theretofore imported into the United States. The remaining counts were drawn under sect. 5445, and charge that the defendants knowingly effected an entry of the goods at the custom-house, by a fraudulent invoice of them, and by a false classification as to their quality and value.

The United States demurred to the plea, and the judges of the Circuit Court were divided in opinion upon the question " whether the trial is barred by sect. 1044, the indictment having been found more than three years after the commission of the alleged offence, or whether it is within the provisions of sect. 1046, as having been found within five years next after the commission of the alleged offence."

It is enacted by sect. 1044 that " no person shall be prosecuted for any offence, not capital, except as provided in sect.

1046, unless the indictment is found within three years next after such offence shall have been committed;" and by sect. 1046, that " no person shall be prosecuted, tried, or punished for any crime arising under the revenue laws or the slave-trade laws of the United States, unless the indictment is.found or the information is instituted within five years next after the committing of such crime."

*The Solicitor-General* for the United States.

*Mr. George Hoadly*, for the defendants, cited *United States* v. *Mayo*, 1 Gall. 396 ; *United States* v. *Norton*, 91 U. S. 566.

MR. JUSTICE MILLER, after stating the case, delivered the opinion of the court.

The question before us is whether the indictment describes crimes arising under the revenue laws of the United States.

There can be little doubt that the crimes set out in the third and fourth counts, conforming as they do to the description of the offence found in sect. 5445, of a false classification of goods as to value and quality, and effecting an entry of goods at less than the true weight or measure, arise under the revenue laws. The section, intended solely for the protection of the revenue arising from customs, was originally the third section of the act of March 3, 1863, entitled " An Act to prevent frauds upon the revenue, to provide for the more certain and speedy collection. of claims against the United States, and for other purposes." 12 Stat. 737. It is, beyond question, a revenue law, and the offence defined by it is therefore a crime arising under the revenue laws of the United States.

With regard to the first two counts the answer is not so clear.

The *gravamen* of the offence here is the conspiracy. For this there must be more than one person engaged. Although by the statute something more than the common-law definition of a conspiracy is necessary to complete the offence, to. wit, some act done to effect the object of the conspiracy, it remains true that the combination of minds in an unlawful purpose is the foundation of the offence, and that a party who did not join in the previous conspiracy cannot, under this section, be convicted on the overt act.

Nor does the section, as found in the Revised Statutes or in the original act, make any special reference to the revenue or to the revenue laws. Its language is: "If two or more persons conspire, either to commit any offence against the United States or to defraud the United States in any manner or for any purpose, and one or more such parties do any act to effect the object of the conspiracy, all the parties shall be liable," &c.

The conspiracy here described is a conspiracy to commit any offence against the United States. The fraud mentioned is any fraud against them. It may be against the coin, or consist in cheating the government of its land or other property. The offence may be treason, and persons have been convicted, under this statute for a conspiracy to do the acts which constitute treason against the United States.

Since, then, the section does not mention the revenue or the revenue laws, but in terms includes every form of conspiracy against the United States, and every form of conspiracy to defraud them, it is difficult to see how the crimes it defines, and which are punishable under it, can be said to arise under the revenue laws. Specific acts which are violations of the laws made to protect the revenue may be said to be crimes arising under the revenue laws, as are those in the third and fourth counts; but a conspiracy to defraud the government, though it may be directed to the revenue as its object, is punishable by the general law against all conspiracies, and can hardly be said, in any just sense, to arise under the revenue laws.

In support of the opposite view, it is said that sect. 5440 was originally sect. 30 of the act of March 2, 1867 (14 Stat. 484), which was a revenue law, and that this section must be held also to be a revenue law.

It must be admitted that in construing any part of the Revised Statutes it is admissible, and often necessary, to recur to its connection in the act of which it was originally a part.

The force of the argument arising from finding an enactment in a statute directed mainly to a particular subject is much diminished by our experience of the manner in which

incongruous legislation is combined in the same bill as passed by the two Houses of Congress. The important principle, revolutionary in the law of evidence, by which parties to suits and persons having a pecuniary interest in the results are made competent witnesses, is found in a few words, inserted as a proviso to an appropriation bill.

The act of 1867 is entitled " An Act to amend existing laws relating to internal revenue, and for other purposes," and it consists of thirty-four sections. Every section except the one defining conspiracies has reference to *internal* revenue, and if the argument is worth any thing, the act must be limited to that kind of revenue.

But the title indicates that other purposes than revenue may be found in the provisions of the act.

Looking, then, to the section in question, which makes no mention of revenue whatever, but enacts in the most general terms a law against conspiracies, we are of opinion that one of the other purposes of the act was to adopt this general penal provision, and that an offence punishable under that section alone is not a crime arising under the revenue laws, though the overt act necessary to be alleged may be one affecting the revenue of the United States.

It will be certified to the Circuit Court that the plea of the Statute of Limitations of three years is good in bar of the first two counts of the indictment, and is bad as to the third and fourth; and it is

*So ordered.*