UNITED STATES v. COMSTOCK et al.

(Circuit Court, D. Rhode Island.' May 26, 1908.)

No. 2,626.

CRIMINAL LAW—OFFENSES AGAINST BANKRUPT LAW—CONSPIRACY—LIMITATION OF PROSECUTIONS.

The limitation of one year imposed by Bankr. Act July 1, 1898, c. 541, § 29d, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3434), for the finding of an indictment for a violation of such section, does not apply to an indictment under Rev. St. § 5440 (U. S. Comp. St. 1901, p. 3676), for a conspiracy to commit an offense thereunder.

On Demurrer to Pleas in Abatement.
See 161 Fed. 644; 162 Fed 415.

Charles A. Wilson, U. S. Atty., and Geo. H. Huddy, Asst. U. S. Atty.

Walter H. Barney and J. J. Hahn, for defendant.

BROWN, District Judge. The second plea in abatement avers that:

"Said indictment was found by the grand jury in this court more than one year after the commission of the supposed offense which he is in this indictment alleged to have committed."

This indictment, however, is for conspiracy under section 5440 of the Revised Statutes (U. S. Comp. St. 1901, p. 3676). This offense of conspiracy cannot be said to arise under the bankruptcy act. Act July 1, 1898, c. 541, 30 Stat. 548 (U. S. Comp. St. 1901, p. 3424). United States v. Hirsch, 100 U. S. 33–35, 25 L. Ed. 539.

The provision of section 29d of the bankruptcy act, "A person shall not be prosecuted for any offense arising under this act unless the indictment is found or the information filed in court within one year after the commission of the offense," is inapplicable.

The third plea in abatement is substantially to the same effect.

The fourth plea in abatement avers the presence of George H. Huddy, Esq., in the grand jury room. This fourth plea is substantially disposed of by the opinion of this court in United States v. Comstock (indictment No. 2,622, opinion handed down May 11, 1908) 161 Fed. 644.

The demurrer of the United States to the second, third, and fourth pleas in abatement is sustained.