ANDERSON v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. September 1, 1919.)

No. 5281.

1. CONSPIRACY ⬤⟿43(6)—INDICTMENT INSUFFICIENT AS NOT SUFFICIENTLY IDENTIFYING OFFENSE.

An indictment for conspiracy "to steal from a certain railroad freight car certain goods then and there moving as and constituting a part of an interstate shipment of freight" *held* fatally defective in not sufficiently identifying the offense which was the object of the conspiracy.

2. CONSPIRACY ⬤⟿43 (2)—INDICTMENT NOT AIDED BY AVERMENT OF OVERT ACTS —INDICTMENT.

In an indictment for conspiracy under Penal Code, § 37 (Comp. St. § 10201), the conspiracy must be sufficiently charged, and it cannot be aided by averments of overt acts done by one or more of the conspirators in furtherance of the object of the conspiracy.

Stone, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Criminal prosecution by the United States against Melvin Anderson. Judgment of conviction, and defendant brings error. Reversed.

J. Q. Mahaffey, of Texarkana, Tex., for plaintiff in error.

J. S. Holt, Asst. U. S. Atty., of Ft. Smith, Ark. (Emon O. Mahony, U. S. Atty., of El Dorado, Ark., on the brief), for the United States.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

CARLAND, Circuit Judge. [1] Anderson was convicted and sentenced on an indictment, the charging part of which was as follows:

---
⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"That R. Q. Ayers, W. C. Dabney, Melvin Anderson, Gene Johnston, E. L. Edwards, George Booker, Leon Harris, and Leonard Riddick, on the 8th day of November, in the year 1917, in the said division of said district, and within the jurisdiction of said court, did then and there unlawfully, willfully, and feloniously conspire, confederate, and agree among themselves to commit an offense against the United States; that is to say, to steal from a certain railroad freight car certain goods then and there moving as and constituting a part of an interstate shipment of freight, with the intent then and there to convert said goods to their own use."

He demurred to the indictment for the reason that the offense which it was alleged he had conspired to commit was not sufficiently identified, so that he was sufficiently informed as to the crime with which he was charged, or so that he could plead his acquittal or conviction in bar to any future prosecution for the same offense. The demurrer was overruled and this action of the trial court is assigned as error.

In Williamson v. United States, 207 U. S. 447, 28 Sup. Ct. 171, 52 L. Ed. 278, it is said:

"But in a charge of conspiracy the conspiracy is the gist of the crime, and certainty, to a common intent, sufficient to identify the offense which the defendants conspired to commit, is all that is requisite in stating the object of the conspiracy."

The general rule is that where conspiracy is made a statutory offense, when entered into for the purpose of committing a certain specified offense, the offense may be described in the words of the statute which creates it, if the statute sets out fully and without uncertainty or ambiguity the elements necessary to constitute the offense. If, however, the statute employs broad and comprehensive language descriptive of the general nature of the offense denounced, the use of such language is insufficient. 12 C. J. 615; Pettibone v. United States, 148 U. S. 197, 13 Sup. Ct. 542, 37 L. Ed. 419; United States v. Hess, 124 U. S. 483, 8 Sup. Ct. 571, 31 L. Ed. 516; United States v. Cruikshank, 92 U. S. 542, 23 L. Ed. 588; United States v. Britton, 108 U. S. 205, 2 Sup. Ct. 531, 27 L. Ed. 698. As the conspiracy is the gist of the offense, it is undoubtedly true that the offense which it is charged the defendant conspired to commit need not be stated with that particularity that would be required in an indictment charging the offense itself. Brooks v. United States, 146 Fed. 223, 76 C. C. A. 581; Lemon v. United States, 164 Fed. 953, 90 C. C. A. 617; Brown v. United States, 143 Fed. 60, 74 C. C. A. 214; Gould v. United States, 209 Fed. 730, 126 C. C. A. 454; Hyde v. United States, 198 Fed. 610, 119 C. C. A. 493. Still, as was said in Williamson v. United States, supra, the offense which the defendants conspired to commit must be identified.

Standing alone, we are of the opinion that the above-quoted language from the indictment wholly fails to comply with the rules of criminal pleading. To illustrate: The words "certain railroad freight car" might apply to any one of the vast number of freight cars in existence in the United States, or in the world, for that matter; and for the same reason the words "certain goods" might apply to any kind of the thousand varieties of property. The car of goods might be moving in interstate commerce on any railroad in the United States

and between any two of the great number of towns existing in different states. The kind and character of the goods are not stated. The word "steal," as used in the statute, is used as equivalent to the word "larceny." In order to constitute the crime of stealing, several elements must be established. The defendant, if convicted or acquitted on this indictment, could not plead the conviction or acquittal in bar, as far as the indictment is concerned, if he was again indicted for the same offense, because the offense is not identified. We are therefore clearly of the opinion that the charge of conspiracy is fatally defective when standing alone.

[2] The question now arises how far the conspiracy charged can be aided by the allegations of the indictment which set forth the overt act. In United States v. Britton, supra, Pettibone v. United States, supra, Dealy v. United States, 152 U. S. 539, 547, 14 Sup. Ct. 680, 38 L. Ed. 545, and Bannon v. United States, 156 U. S. 464, 468, 469, 15 Sup. Ct. 467, 39 L. Ed. 494, it was established as a rule of criminal pleading under section 5440, R. S. U. S., now section 37, Penal Code (Act March 4, 1909, c. 321, 35 Stat. 1096·[Comp. St. § 10201]), that the conspiracy must be sufficiently charged, and that it cannot be aided by the averments of acts done by one or more of the conspirators in furtherance of the object of the conspiracy. The rule of criminal pleading being as stated, Hyde v. United States, 225 U. S. 347, 32 Sup. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614, was decided. In this case it was said:

"It is true that the conspiracy, the unlawful combination, has been said to be the crime, and that at common law it was not necessary to aver or prove an overt act; but section 5440 has gone beyond such rigid abstraction, and prescribes, as necessary to the offense, not only the unlawful conspiracy, but that one or more of the parties must do an 'act to effect' its object, and provides that when such act is done 'all the parties to such conspiracy' become liable. Interpreting the provision, it was decided in Hyde v. Shine, 199 U. S. 62, 76 [25 Sup. Ct. 760, 50 L. Ed. 90], that an overt act is necessary to complete the offense. And so it was said in United States v. Hirsch, 100 U. S. 33 [25 L. Ed. 539], recognizing that while the combination of minds in an unlawful purpose was the foundation of the offense, an overt act was necessary to complete it. It seems like a contradiction to say that a thing is necessary to complete another thing, and yet that other thing is complete without it. It seems like a paradox to say that anything, to quote the Solicitor General, 'can be a crime of which no court can take cognizance.' The conspiracy, therefore, cannot alone constitute the offense. It needs the addition of the overt act. Such act is something more, therefore, than evidence of a conspiracy. It constitutes the execution or part execution of the conspiracy, and all incur guilt by it, or rather complete their guilt by it, consummating a crime by it cognizable then by the judicial tribunals; such tribunals only then acquiring jurisdiction."

One might be justified in concluding from this language that the overt act was such a part of the conspiracy as to allow the conspiracy charged to be aided by the allegations in reference to the overt acts, but in Joplin Mercantile Co. v. United States, 236 U. S. 531, 35 Sup. Ct. 291, 59 L. Ed. 705, the Supreme Court had under consideration the sufficiency of an indictment for conspiracy, and after referring to Hyde v. Shine, 199 U. S. 62, 76, 25 Sup. Ct. 760, 50 L. Ed. 90, and Hyde v. United States, supra, said:

"But the averment of the making of the unlawful agreement relates to the acts of all the accused, while overt acts may be done by one or more less than the entire number, and, although essential to the completion of the crime, are still, in a sense, something apart from the mere conspiracy, being 'an act to effect the object of the conspiracy.' For this reason, among others, it seems to us that where, as here, the averment respecting the formation of the conspiracy refers to no other clause for certainty as to its meaning, it should be interpreted as it stands."

And the court again cited United States v. Britton, supra. We think therefore that, so far as the rule of criminal pleading is concerned, it was not changed by Hyde v. United States, supra, which did not involve a question of pleading. It is undoubtedly true that a conspiracy to steal generally goods moving in interstate commerce might be entered into, but the pleader narrowed the scope of the conspiracy to a certain railroad freight car, without in any way identifying the car, the railroad on which it was moving, the goods which it contained, or the point of origin or destination. According to the language quoted above from Joplin Mercantile Co. v. United States, it would seem to be allowable for the pleader, in charging the conspiracy, to refer for particulars to the allegations concerning the overt act; but no such reference appears in the indictment before us. The indictment is bad, and the trial court erred in not sustaining the demurrer thereto.

For this reason the judgment below is reversed.

STONE, Circuit Judge (dissenting). Where the statute requires an overt act, I think allegations in the indictment concerning the overt act may be used to identify the subject of the conspiracy charged. This is on the theory that the overt act is a necessary element of the offense, as held in Hyde v. U. S., 225 U. S. 347, 32 Sup. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614, which I think remains, in this respect, unmodified by Joplin Mercantile Co. v. U. S., 236 U. S. 531, 35 Sup. Ct. 291, 59 L. Ed. 705. With this help the present indictment is in my judgment clear and definite.