**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert S. FALCONE, Sandra S. Falcone,
Defendants–Appellants.**

No. 89–5718.

United States Court of Appeals,
Eleventh Circuit.

May 20, 1992.

---

G.H. Terando, Poplar Bluff, Mo., for R. Falcone.

Kenneth M. Swartz, Asst. Federal Public Defender, Miami, Fla., for S. Falcone.

Dexter W. Lehtinen, U.S. Atty., Dawn Bowen, Linda C. Hertz, Asst. U.S. Attys., Miami, Fla., for U.S.

Before TJOFLAT, Chief Judge, FAY, KRAVITCH, HATCHETT, EDMONSON, COX, BIRCH, and DUBINA, Circuit Judges *.

PER CURIAM:

We took this case en banc [1] to reconsider our holding in *United States v. Hope*, 861 F.2d 1574 (11th Cir.1988). In *Hope*, we held that in order for the government to establish that a defendant conspired to commit an "offense against the United States" in violation of 18 U.S.C. § 371 (1988),[2] the prosecution must allege and prove that the defendant conspired to injure the United States or one of its agencies. In the case at hand, the Government charged, and proved, that the defendants conspired to commit the following offenses against the United States: the violation of 18 U.S.C. §§ 1014,[3] 1344(a)(2),[4] and 2113 [5] (1988). Following *Hope*'s holding, the panel reversed the defendants' convictions. *United States v. Falcone*, 934 F.2d 1528 (11th Cir.), *vacated, reh'g en banc granted*, 939 F.2d 1455 (11th Cir.1991). The panel, however, did so reluctantly. The panel felt the conspiracy convictions should be upheld—that *Hope* had been wrongly decided—and suggested that the case be reheard en banc. *See Falcone*, 934 F.2d 1528, 1548 (11th Cir.) (Tjoflat, C.J., special-

---

* Honorable R. Lanier Anderson did not participate in the consideration or decision of this case.

1. *See United States v. Falcone*, 939 F.2d 1455 (11th Cir.1991).

2. 18 U.S.C. § 371 states, in pertinent part:

   If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.

3. 18 U.S.C. § 1014 states, in pertinent part:

   Whoever knowingly makes any false statement or report ... for the purpose of influencing in any way the action of ... any bank the deposits of which are insured by the Federal Deposit Insurance Corporation ... upon any application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, or loan, or any change or extension of any of the same, by renewal, deferment of action or otherwise, or the acceptance, release, or substitution of security therefor, shall be fined not more than $5000 or imprisoned not more than two years, or both.

4. The version of 18 U.S.C. § 1344 that was in effect when the appellants were indicted states, in pertinent part:

   (a) Whoever knowingly executes, or attempts to execute, a scheme or artifice—
   (1) to defraud a federally chartered or insured financial institution; or
   (2) to obtain any of the moneys, funds, credits, assets, securities or other property owned by or under the custody or control of a federally chartered or insured financial institution by means of false or fraudulent pretenses, representations, or promises, shall be fined not more than $10,000, or imprisoned not more than five years, or both.

   In 1989, Congress amended section 1344, in the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), Pub.L. No. 101–73, Title IX, § 961(k), 103 Stat. 183, 500..

5. 18 U.S.C. § 2113 states, in pertinent part:

   Whoever enters or attempts to enter any bank ... with intent to commit in such bank ... any felony affecting such bank ... and in violation of any statute of the United States, or any larceny—
   Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.
   . . . .
   Whoever takes and carries away, with intent to steal or purloin, any property or money ... of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank ... shall be fined not more than $5,000 or imprisoned not more than ten years, or both.

**990**

ly concurring, joined by Powell, Assoc. Justice, and Kravitch, J.).

We agree with the panel's appraisal of *Hope* and, for the reasons set forth in Chief Judge Tjoflat's special concurrence, overrule *Hope*'s holding.[6] *See id.* at 1548–51. Specifically, we hold that in establishing a conspiracy "to commit any offense against the United States," the government need not allege or prove that the United States or an agency thereof was an intended victim of the conspiracy.

Accordingly, the appellants' convictions under section 371 are reinstated and the judgment of the district court is affirmed.

IT IS SO ORDERED.

---

6. We do not, however, disturb the panel's disposition of appellant's challenges to his convictions under 18 U.S.C. §§ 2, 1344(a)(2) (1988) (counts V, VI, VII, VIII, & IX of the indictment); 18 U.S.C. §§ 2, 2113(b) (1988) (counts X & XI of the indictment); and 18 U.S.C. §§ 2, 1344(a)(2), 2113(a) (1988) (counts XII & XIII of the indictment). *See Falcone,* 934 F.2d 1528, 1534–35, 1548 (11th Cir.), *vacated, reh'g en banc granted,* 939 F.2d 1455 (11th Cir.1991). With respect to those convictions, the panel's opinion and judgment, which were vacated when we voted the case en banc, are reinstated.