986 F.2d 1416
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
James J. LIBERTO, a/k/a Jimmy Liberto, Defendant-Appellant.
 No. 92-6920.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 15, 1993
Decided: February 16, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CR-87-478-JFM, CA-92-2268-JFM)
 Howard L. Cardin, Cardin & Gitomer, P.A., Baltimore, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Maury S. Epner, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before MURNAGHAN, HAMILTON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 James J. Liberto appeals the district court's denial of Liberto's 28 U.S.C. § 2255 (1988) motion. Because we find no variance between the indictment and proof at trial, we affirm.
 
 
 2
 Liberto was enlisted by Paul Luskin to carry out the murder for hire of Luskin's wife. The plot was discovered, and Luskin, along with several others, was indicted on a variety of charges, including conspiracy to use the facilities of interstate commerce with the intent of committing murder for hire, in violation of 18 U.S.C. § 371 (1988). He was convicted, and this Court affirmed his conviction. United States v. Luskin, No. 88-5068 (4th Cir. Sept. 19, 1989) (unpublished).
 
 
 3
 Liberto filed the present § 2255 motion claiming that under § 371, the government must prove that the United States was the victim of the conspiracy. Liberto maintained that evidence at trial showed that Luskin's wife was the victim. Thus, Liberto argued, there was a fatal variance between the indictment charging a violation of § 371 and proof at trial. We reject this argument.
 
 
 4
 Section 371 criminalizes two types of conspiracies: those "to commit any offense against the United States;" and those "to defraud the United States." In Tanner v. United States, 483 U.S. 107 (1987), the Supreme Court addressed the second type of conspiracy. Because the evidence established that the victims of the conspiracy were individuals and not the United States or any agency thereof, the conviction under § 371 could not stand. Id. at 128-29.
 
 
 5
 The circuits to have addressed the issue have unanimously found that Tanner does not apply to the first type of conspiracy outlawed by § 371: those to commit an offense against the United States. It is not necessary to demonstrate that the United States was the victim of the conspiracy; instead, the government must prove the existence of a conspiracy to violate the laws of the United States. See United States v. Falcone, 960 F.2d 988, 990 (11th Cir.) (in banc), cert. denied, 61 U.S.L.W. 3264 (U.S. 1992); United States v. Loney, 959 F.2d 1332, 1338-40 (5th Cir. 1992); United States v. Gibson, 881 F.2d 318, 32021 (6th Cir. 1989). We are in agreement with our sister circuits, and we therefore affirm the decision of the district court.
 
 
 6
 As our review of the record and other materials before us reveals that argument would not significantly aid the decisional process, we dispense with oral argument.
 
 AFFIRMED