Lenny BOHANAN, Petitioner,

v.

UNITED STATES of America, Respondent.

Nos. 91 Civ. 6720 (JES), 85 Cr. 1066 (JES).

United States District Court, S.D. New York.

May 19, 1993.

Lenny Bohanan, petitioner pro se.

Otto G. Obermaier, U.S. Atty. for the S.D.N.Y., New York City, for respondent; John P. Coffey, Asst. U.S. Atty., of counsel.

### MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Petitioner, Lenny Bohanan, submits this *pro se* motion pursuant to Title 28, United States Code, Section 2255, to vacate, set aside, or correct his sentence. For the reasons that follow, the motion is denied without a hearing.

Indictment S 85 Cr. 1066 (JES) was filed on April 29, 1986 in nine counts. Count One charged Lenny Bohanan with conspiracy to commit eleven armed bank robberies in violation of 18 U.S.C. § 371 (1982). Bohanan also was charged with three substantive counts of armed bank robbery in violation of 18 U.S.C. § 2113(d) (1982).

On June 25 and 26, 1986, after a three week jury trial, the jury returned guilty verdicts against Bohanan and his co-defendant Hogan on all counts. Defendants' convic-

tions arose out of their participation, with Herbert Davenport, in a series of armed bank robberies which occurred in Manhattan, Brooklyn and Roosevelt, New York during 1980–1984.

On July 31, 1986, this Court sentenced Bohanan to five years' imprisonment on the conspiracy count, to run concurrently with twenty year terms on each of the bank robbery counts. Bohanan filed a Notice of Appeal on August 6, 1986. On February 10, 1987, the Court of Appeals affirmed the judgment of conviction.

On April 15, 1987, Bohanan filed a motion for reduction of his sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure, which this Court denied on June 9, 1987.

On March 15, 1989, Bohanan filed his first petition pursuant to 28 U.S.C. § 2255. On March 6, 1990 this Court dismissed that petition, adopting Magistrate Judge Michael H. Dolinger's recommendation issued February 7, 1990. On December 14, 1990, the Court of Appeals dismissed Bohanan's appeal of that order and on February 25, 1991 denied his motion for reconsideration.

Bohanan subsequently filed his second 2255 motion *pro se* on October 7, 1991 and on November 29, 1991, moved to amend that motion to add a third claim.[1]

The principal basis for Bohanan's second petition under § 2255 is alleged new evidence which petitioner received in June 1990 pursuant to a FOIA request submitted to the FBI on June 13, 1988. The Government contends that this evidence should have been included in his first petition and that the present petition should therefore be dismissed as an abuse of the writ.

Although this information was not received until after the first petition was filed, it does appear that had petitioner filed his FOIA request sooner than 1988, he might well have had this evidence available at the time he filed his first petition. Nevertheless, even though there is some persuasive force to the Government's argument that the second petition should be dismissed on procedural grounds, since the Court has concluded for the reasons set forth below, that there is no merit to petitioner's claims, the Court will, in the interest of judicial economy, dismiss the petition on the merits.

The new evidence upon which petitioner relies consists, in essence, of information that: (1) the FBI had another suspect, Earl Bowe, who had been found in possession of some of the proceeds of one of the bank robberies; (2) that the Government had endeavored to conceal that fact by introducing a stipulation into evidence at trial which set forth an undifferentiated amount of $10,462.00 as the loss sustained in that robbery,[2] thereby failing to disclose that $3,275.00 of that amount consisted of savings bonds, which bonds had been found in the posses-

---

1. This claim does not warrant extensive discussion. Bohanan argues that subsequent case law, *i.e. United States v. Falcone*, 934 F.2d 1528 (11th Cir.1991) requires that his conspiracy conviction be reversed. That case, relying on *United States v. Hope*, 861 F.2d 1574 (11th Cir.1988) concluded that the Supreme Court's decision in *Tanner v. United States*, 483 U.S. 107, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987), holding that a conspiracy to defraud the United States must be directed to the United States or one of its agencies, rendered conspiracies to rob federally insured banks no longer punishable under 18 U.S.C. § 371. However, both *Falcone* and *Hope*, in extending the holding of *Tanner*, which involved a conspiracy to defraud the United States, to conspiracies to commit offenses against the United States not only went well beyond the holding of *Tanner* but also are contrary to the great weight of authority in this Circuit and elsewhere holding that conspiracies to rob federally insured banks are punishable under the "conspiracy to commit an offense" clause of Section 371. It is therefore not surprising that the decision in *Falcone*, upon which petitioner relies, has since been vacated, and Falcone's conviction reinstated, 960 F.2d 988 (11th Cir.1992), and the *Hope* decision overruled by the 11th Circuit. *Id.* at 990. There is thus no colorable merit to Bohanan's claim that he was not properly convicted under Section 371.

It is also true that Bohanan has not met his burden of establishing cause and prejudice for failing to raise this claim on direct appeal. *See* Govt.Br. at 15–16. It follows that this claim must be rejected because it is procedurally barred, and in any event lacks validity on the merits.

2. This MHT robbery is one of the eleven robberies charged in the conspiracy count but is not charged in any of the substantive counts against Bohanan.

sion of Earl Bowe and; (3) that another group of bank robbers in New Jersey had used a "modus operandi," virtually identical to that used in the New York robberies for which Bohanan was convicted.

■ To meet his burden on this petition, Bohanan must demonstrate that had the aforesaid evidence been disclosed to the defense, and been available at his trial, there is a reasonable probability that the result would have been different; *see United States v. Bagley*, 473 U.S. 667, 678, 105 S.Ct. 3375, 3381–82, 87 L.Ed.2d 481 (1985); *i.e.*, that there is such likelihood that the result would have been different as to undermine confidence in the result reached. Moreover, as the Supreme Court noted in *United States v. Agurs*, 427 U.S. 97, 110, 96 S.Ct. 2392, 2401, 49 L.Ed.2d 342 (1976), the good or bad faith of the prosecutor in failing to disclose the alleged evidence is not either dispositive or relevant in deciding whether the nature of the evidence not disclosed, taken in the context of all of the trial evidence, is such as to, as an objective matter, undermine confidence in the result reached.

■ Petitioner has failed to meet that burden. Davenport, as a co-conspirator and accomplice witness for the Government, testified in detail at trial as to Bohanan's involvement in the planning, Trial Transcript ("Tr.") 323–331, 362–67, 379–383, 523–25, 529–532, and execution, Tr. 368–79, 383–90, 532–36, of the bank robberies for which Bohanan was convicted. Moreover, much of Davenport's testimony was corroborated by Cumming, a long-time acquaintance of Bohanan, who testified that Bohanan admitted to him that he had robbed the four banks set forth in the indictment, Tr. 969–84, and who identified Bohanan as one of the robbers in the bank surveillance photos taken in the MHT robbery, Tr. 985–86.

Since Bohanan's convictions were based almost entirely upon the testimony of Davenport and Cumming, it was their credibility that was the crucial issue at trial as the trial record reflects. Thus, they were cross-examined extensively and their credibility, or lack thereof, was the principal focus of the defendant's arguments on summation. *See* Tr. 1186–1196.

None of the alleged newly discovered information would or could have any substantial impact on the credibility of these witnesses. The fact that there may have been other suspects, one of whom obtained some of the proceeds of the robbery, would have in no way detracted from the probative face of their testimony or added significantly to the evidence already available to impeach them.

The so called "modus operandi" proof stands in no better posture. Were this a case where the *identity* of the bank robbers was established by the fact that they had used an identical modus operandi with respect to other robberies with which *the defendants were shown to have been connected*, there might be some colorable support for a claim that the fact that others had used an identical modus operandi might have caused the jury to reject an inference of identity based upon that identical modus operandi. However, where as here, the identity of Bohanan as a participant in the robberies was based upon the testimony of an accomplice and his admissions to a long time friend, the fact that others might have used an identical modus operandi is essentially irrelevant because modus operandi was not the basis for establishing Bohanan's participation in the bank robberies alleged.

Nor do claims of deliberate concealment and prosecutive misconduct enhance the validity of Bohanan's claims. Indeed, the good faith or bad faith of the prosecutor is not a factor in determining whether a new trial should be ordered based upon newly discovered evidence. *United States v. Agurs, supra*, 427 U.S. 97, 110, 96 S.Ct. 2392, 2401, 49 L.Ed.2d 342 (1976). It follows that the cases relied upon by petitioner with respect to prosecutorial misconduct are legally and factually inapposite. Those cases did not involve an alleged *Brady* nondisclosure, where the good or bad faith of the prosecutor is neither dispositive nor relevant. *See e.g. United States v. Valentine*, 820 F.2d 565, 571 (2d Cir.1987); *United States v. Crouch*, 566 F.2d 1311 (5th Cir.1978). Moreover, petitioner's reliance on *United States v. Morell*, 524 F.2d 550 (2d Cir.1975) is misplaced because the Supreme Court abandoned the *Mo-*

*rell* standard in *United States v. Agurs, supra,* 427 U.S. at 119, 96 S.Ct. at 2405 (Marshall, J., dissenting).

Since a review of the motion papers, files and records of the case conclusively show that Bohanan is not entitled to relief, his petition is dismissed without a hearing.

It is **SO ORDERED.**