[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 29, 2000
THOMAS K. KAHN
CLERK

No. 99-12243
Non-Argument Calendar

_____

D. C. Docket No. 99-00003-1-CR-MMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DENVER H. LINVILLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(September 29, 2000)**

Before EDMONDSON, COX and HULL, Circuit Judges.

PER CURIAM:

Denver H. Linville, who stands convicted of one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1371, and four counts of bank fraud, in violation of 18 U.S.C. § 1344, appeals his convictions and sentences. His appeal presents the issue of whether a bank is the only legally possible victim of bank fraud, such that U.S.S.G. § 3B1.3's two-level offense-level increase for abuse of a position of trust does not apply unless a bank conferred the position of trust.[1] *Cf. United States v. Mills*, 138 F.3d 928, 941 (11th Cir.) (reading *United States v. Garrison*, 133 F.3d 831, 848 (11th Cir. 1998), to hold that as a matter of law only the United States may be a victim of Medicare fraud), *modified in other part on rh'g*, 152 F.3d 1324 (1998). We hold that bank fraud may have more than one victim for U.S.S.G. § 3B1.3 purposes, and that victim status turns on the facts of the case.[2] In reaching this conclusion, we take the district court's facts as true unless they are clearly erroneous, and we review the district court's resolution of legal questions de novo. *See United States v. Terry*, 60 F.3d 1541, 1545 (11th Cir. 1995).

According to the trial evidence and the presentence investigation report,

---

[1]     Linville also argues that the evidence was insufficient to support his convictions. Having reviewed the record, we conclude that there was sufficient evidence to support Linville's convictions.

[2]     The Government concedes error. We are not required to accept such a concession when the law and record do not justify it. *See United States v. Flannory*, 145 F.3d 1264, 1268 n.9 (11th Cir. 1998).

Linville engaged in a scheme to use the signature authority conferred on him by his employer, Wade Raulerson, Inc., a car dealership, to forge checks that were cashed and converted to personal use. Linville, who also had access to Raulerson's books, altered accounting records to conceal his fraud. The district court found that Raulerson conferred trust on Linville in giving him access to its books and signature authority on its account. The court also found that Raulerson was a victim of the offense because it footed the bill in the end, and the court indeed awarded Raulerson, and not the defrauded bank, about $60,000 in restitution. An abuse-of-trust enhancement is appropriate whenever the "defendant [was] in a position of trust with respect to the victim of the crime" and abuses that position "in a manner that significantly faciliate[s]" the offense. *United States v. Garrison*, 133 F.3d 831, 837 (11th Cir. 1998) (emphasis omitted) (quoting *United States v. Ragland*, 72 F.3d 500, 502 (6th Cir. 1996) and U.S.S.G. § 3B1.3). A paradigmatic case is one in which "the defendant steals from his employer, using his position in the company to facilitate the offense." *Id.* at 837-38 (quoting *United States v. Koehn*, 74 F.3d 199, 201 (10th Cir. 1996) in turn quoting United States v. Brunson, 54 F.3d 673, 677 (10th Cir. 1995)). That is more or less what happened here, and the district court's findings thus suffice to require the two-level increase.

Linville maintains nonetheless that only a federally insured bank can be the

victim in a bank-fraud case. He cites *United States v. Garrison* for this proposition because *Garrison* held that only the federal government can be a victim of Medicare fraud. *See United States v. Mills*, 138 F.3d 928, 941 (11th Cir. 1998), *modified in part on reh'g*, 152 F.3d 1324 ("*Garrison* apparently requires us to hold that the United States is, as a matter of law, the *only* possible victim of a Medicare-fraud crime and that therefore this private position of trust is irrelevant." (emphasis in original) (citing *Garrison*, 133 F.3d at 848)). *Garrison* offered no explanation of its implicit holding that the United States is the *only* possible victim of Medicare fraud, but the likely reason is that the government is the only entity that pays directly out of pocket for the losses. *See Mills*, 138 F.3d at 930 (describing Medicare disbursement process). Bank fraud is distinguishable. A bank is a possible victim, of course, but so are other persons, because the fraudulent scheme need only be "to obtain money, funds, or credits *under the custody or control* of a federally insured financial institution." *United States v. Falcone*, 934 F.2d 1528, 1539 (11th Cir. 1991), *vacated*, 939 F.2d 1455, *reinstated*, 960 F.2d 988 (1992) (emphasis added); *see also United States v. Key*, 76 F.3d 350, 353 n.3 (11th Cir. 1996). Money under the custody or control of a bank is not necessarily money whose loss the bank is responsible for, as this case amply illustrates. The bank fraud statute, then, contemplates a larger class of victims than the Medicare fraud statute. It follows that more than one person could,

4

depending on the case's facts, be the victim who reposes trust in the defendant.

Because the district court properly increased Linville's offense level under U.S.S.G. § 3B1.3, we affirm his sentences.[3]

AFFIRMED.

---

[3] Linville's base offense level could not be enhanced under § 3B1.3 based upon the use of a special skill because his sentence was enhanced two-levels for his aggravating role in the offense pursuant to § 3B1.1.