United States Court of Appeals,

Eleventh Circuit.

No. 92-2929.

UNITED STATES of America, Plaintiff-Appellee,

v.

Ellis E. NEDER, Jr., Defendant-Appellant.

March 19, 1998.

Appeal from the United States District Court for the Middle District of Florida. (No. 91-175-CR-J-16), Harvey E. Schlesinger, Judge.

Before TJOFLAT and HULL, Circuit Judges, and KRAVITCH, Senior Circuit Judge.

HULL, Circuit Judge:

Appellant Ellis E. Neder, Jr. appeals his convictions on various false statement, fraud, conspiracy, and racketeering offenses. Neder contends that the district court erred in failing to submit the issue of materiality to the jury with respect to his fraud and false statement offenses.[1] After review, we affirm.

## I. FACTS

A. *Neder's Fraudulent Activities*

Between 1984 and 1988, Neder engaged in fraudulent activities related to land acquisition, land development, and construction projects. Through his schemes, Neder fraudulently obtained

---

[1]Neder also asserts that (1) the counts in the indictment were multiplicious and duplicitous, (2) the district court erred in denying his motion for change of venue based on pre-trial publicity, (3) there was insufficient evidence to convict, (4) the district court made erroneous evidentiary rulings, (5) the prosecutor suborned perjury and engaged in a pattern of misconduct, (6) prosecutorial misconduct and various trial errors combined to violate his due process rights, and (7) the government is precluded from arguing that materiality is not an element of Neder's false statement and fraud offenses. After review, we conclude that these contentions are without merit.

over $30 million in loans from various lending institutions. Neder deposited approximately $7 million in profits on these transactions into his personal account. Testimony at trial revealed that none of the loans would have been approved had the lending institutions been aware of the true nature of the transactions. Neder later defaulted on these loans.

Neder also failed to report income of $1,372,360 in 1985 and $4,355,766 in 1986. Neder does not contest that he did not report this money as income or profits from one of his schemes. Instead, Neder testified that he was advised that he was not required to report this money as income.

B. *The Court's Jury Charge*

Neder was indicted for mail fraud, wire fraud, bank fraud, tax fraud, and making illegal false statements. The indictment contained materiality as an element of many of these offenses. Neder and the government submitted proposed jury instructions relating to the elements of the charged offenses. The district court's final jury charge included "materiality" as an element of the fraud and false statement offenses. However, the district court instructed the jury that if it found beyond a reasonable doubt that the alleged statements, representations, or promises were false, it need not consider whether they were material because materiality was not an issue for the jury to decide. The court entered its own findings regarding materiality outside the presence of the jury. Neder timely objected to the court's findings and its failure to submit the issue of materiality to the jury.

## II. DISCUSSION

We examine (a) whether materiality is an element of the false statement, wire fraud, mail fraud, bank fraud, and tax fraud offenses;[2] and (b) whether the district court committed reversible

---

[2]Neder's conspiracy and RICO convictions under 18 U.S.C. §§ 371 and 1962 were based on Neder's violations of the false statement and fraud statutes. In affirming Neder's convictions under the false statement and fraud statutes, we affirm Neder's conspiracy and RICO convictions as well.

error in not submitting the materiality issues to the jury.

A. *False Statements: 18 U.S.C. § 1014*

Two recent Supreme Court decisions begin our analysis. In *United States v. Gaudin,* 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995), the Supreme Court assumed materiality to be an element under 18 U.S.C. § 1001, which proscribes certain false statements, and held that the issue of materiality under § 1001 is for the jury, not the judge, to decide. The district judge in *Gaudin* erroneously failed to submit the materiality issue to the jury. *Id.* at 523, 115 S.Ct. at 2320. We have since referred to this type of error as a *Gaudin* error. *See, e.g., United States v. Fern,* 117 F.3d 1298, 1307 (11th Cir.1997).

Two years later in *United States v. Wells,* --- U.S. ----, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997), the Supreme Court held that materiality is not an element of the false statement offense in 18 U.S.C. § 1014. Thus, the Court concluded that the district court had not erred in not submitting the question of materiality to the jury. Synthesizing *Gaudin* and *Wells,* if materiality is not an element, failing to submit the issue to the jury is not error; but if materiality is an element, a court errs in failing to submit the issue to the jury.

In deciding in *Wells* that materiality is not an element under § 1014, the Supreme Court focused on the language of § 1014, which states:

> Whoever knowingly makes any false statement or report ... for the purpose of influencing in any way the action of ... any institution the accounts of which are insured by the Federal Deposit Insurance Corporation ... shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both....

18 U.S.C. § 1014. The Supreme Court emphasized that the text of § 1014 does not mention materiality:

> Nowhere does [§ 1014] further say that a material fact must be the subject of the false statement or so much as mention materiality. To the contrary, its terms cover "any" false statement that meets the other requirements in the statute, and the term "false statement"

carries no general suggestion of influential significance....

*Wells,* --- U.S. at ----, 117 S.Ct. at 927.

The Supreme Court also acknowledged the presumption that "Congress incorporates the common-law meaning of the terms it uses if those "terms have accumulated settled meaning under ... the common law.' " *Id.* (quoting *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 322, 112 S.Ct. 1344, 1348, 117 L.Ed.2d 581 (1992)). However, the Supreme Court concluded that the respondents had failed to make any showing that the term "false statement" acquired any implication of materiality at common law. *Id.*

Finally, the Supreme Court determined that the legislative history of § 1014 supported its natural reading. *Id.* at ----, 117 S.Ct. at 928. Of particular significance was the fact that "[w]hen Congress originally enacted § 1014 as part of its recodification of the federal criminal code in 1948, it explicitly included materiality in other provisions involving false representations." *Id.* Moreover, "of the 13 provisions brought together by § 1014, 10 had previously contained no express materiality provision and received none in the recodification, while 3 of the 13 had contained express materiality requirements and lost them in the course of consolidation." *Id.* The Court concluded that "[t]he most likely inference in these circumstances is that Congress deliberately dropped the term "materiality' without intending materiality to be an element of § 1014." *Id.*

In this case, Neder's § 1014 conviction is controlled by *Wells*'s holding that materiality is not an element under § 1014. Therefore, the district court did not commit a *Gaudin* error in failing to submit the issue of materiality to the jury because materiality is not an element of a § 1014 offense.[3]

B. *Mail Fraud And Wire Fraud: 18 U.S.C. §§ 1341 And 1343*

---

[3]We recently relied on *Wells* in determining that materiality is not an element under 15 U.S.C. § 645(a) in *United States v. Condon,* 132 F.3d 653, 656 (11th Cir.1998), or 18 U.S.C. § 1010 in *United States v. DeCastro,* 113 F.3d 176, 179 (11th Cir.1997).

We now turn to whether materiality is an element under §§ 1341 and 1343. As an initial matter, we examine the pre-*Wells* decisions of this court regarding the elements of §§ 1341 (mail fraud) and 1343 (wire fraud). Our decisions list the elements of these offenses without listing materiality as one of the elements. *See United States v. Pitt,* 717 F.2d 1334, 1339-40 (11th Cir.1983) (listing elements of wire fraud without including materiality); *United States v. Scott,* 701 F.2d 1340, 1343 (11th Cir.1983) (listing elements of mail fraud without including materiality). However, no cases directly hold that materiality is not an element under §§ 1341 and 1343.

Therefore, in determining whether materiality is an element under §§ 1341 and 1343, we begin with the Supreme Court's admonition to examine the statutes' language. Section 1341 proscribes the act or acts of using the mails to execute "any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises...." 18 U.S.C. § 1341; *see also United States v. Ethridge,* 948 F.2d 1215, 1216 (11th Cir.1991). The text of § 1343 is substantially similar to § 1341 and states as follows:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined or imprisoned ... or both.

18 U.S.C. § 1343.

Sections 1341 and 1343 are similar to § 1014 in several respects. Foremost, §§ 1341 and 1343 do not contain the word "material." Further, § 1341 was enacted as part of the recodification of the federal criminal code in 1948, and § 1343 was patterned after § 1341. Based on these factors considered in *Wells,* we conclude that materiality is not an element of fraud offenses in §§ 1341 and

1343.[4] As discussed below, we reach the same conclusion regarding § 1344.

C. *Bank Fraud: 18 U.S.C. § 1344*

In *United States v. Goldsmith,* 109 F.3d 714 (11th Cir.1997), this court lists materiality as an element under § 1344. *Id.* at 715. However, *Goldsmith* and the cases on which it relies do not directly address whether materiality is an element under § 1344.[5] For example, after listing materiality as an element under one part of § 1344, the *Goldsmith* panel did not mention the word "material" in the remainder of its opinion because materiality was not in issue. Although decided after *Wells, Goldsmith* does not re-examine the issue of materiality in light of *Wells.* Instead, *Goldsmith* follows this court's pre-*Wells* decisions which also have not been re-examined in light of *Wells.*

In addition, in its discussion of the relevant issues, the *Goldsmith* panel acknowledged that § 1344 has two parts, namely § 1344(a)(1) and (a)(2),[6] and that if an indictment charged a defendant under both parts, the trial court could submit the case to the jury so long as the evidence at trial was sufficient to convict under either part. 109 F.3d at 716. The *Goldsmith* panel listed the elements

---

[4]In *United States v. Cochran,* 109 F.3d 660 (10th Cir.1997), the Tenth Circuit acknowledged that § 1343 supports two theories of liability: (1) a scheme or artifice to defraud; or (2) a scheme to obtain money by false pretenses, representations, or promises. *Id.* at 664. The court found that "materiality is not an independent element of a wire fraud prosecution," but held nonetheless that "there is a materiality aspect to the determination whether the acts of an accused give rise to a scheme to defraud." *Cochran,* 109 F.3d at 667 n. 3. We agree with the Tenth Circuit that materiality is not an independent element under § 1343. We find unpersuasive, however, the reasons supporting the Tenth Circuit's conclusion that materiality is an aspect of a scheme to defraud.

[5]*See United States v. Falcone,* 934 F.2d 1528, 1545 (11th Cir.), *vacated,* 939 F.2d 1455 (11th Cir.1991), *modified in part and reinstated in part,* 960 F.2d 988 (11th Cir.1992) (en banc); *United States v. Swearingen,* 858 F.2d 1555, 1556 (11th Cir.1988).

[6]In 1989, § 1344 was amended such that the former subsection (a) became the entire section. Thus, what *Goldsmith* referred to as subsections 1344(a)(1) & (a)(2) are now subsections 1344(1) & (2).

under subsections (a)(1) and (a)(2) but ultimately affirmed the defendant's conviction under § 1344(a)(1), the subsection under which it did not list materiality as an element.[7] Thus, the *Goldsmith* panel's listing materiality as an element under § 1344(a)(2) was not necessary to the panel's holding and was, consequently, dicta. As a result, we are not bound by *Goldsmith* on whether materiality is an element under § 1344, and we follow *Wells* in addressing this question.[8]

Applying *Wells* to § 1344, we first observe that the word "material" does not appear in the statute. The version of 18 U.S.C. § 1344 in effect when Neder was indicted states in pertinent part:

(a) Whoever knowingly executes, or attempts to execute, a scheme or artifice—

(1) to defraud a financial institution; or

(2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises shall be fined not more than $10,000 or imprisoned not more than five years, or both.

18 U.S.C. § 1344 (1988). Section 1344 was not enacted during the recodification of the federal criminal code in 1948, but its language, like § 1343, is substantially identical to and was patterned after § 1341. These factors, as we stated regarding §§ 1341 and 1343, persuade us that materiality is not an element under § 1344.

D. *Use Of The Term "False Representation"*

Before addressing Neder's tax fraud convictions, we do note that § 1014 criminalizes false statements, while §§ 1341, 1343, and 1344 proscribe "false or fraudulent pretenses, representations,

---

[7]The defendant in *Goldsmith* was indicted under both subsections (a)(1) and (a)(2). Because the evidence supported the defendant's conviction under subsection (a)(1), the court did not reach whether the defendant violated subsection (a)(2). *See Goldsmith,* 109 F.3d at 716 ("where the indictment and instructions to the jury charge both clauses of the statute, as was done in this case, the defendant's conviction may be sustained under either clause.") (citation omitted).

[8]To the extent any of our pre-*Wells* decisions held that materiality is an element under § 1344, we disavow those holdings based on the Supreme Court's intervening decision in *Wells.*

or promises," and that on that basis the Ninth Circuit has held, after *Wells,* that materiality is an element under § 1344. *See, e.g., United States v. Nash,* 115 F.3d 1431, 1436 (9th Cir.1997), *cert. denied,* --- U.S. ----, 118 S.Ct. 1054, --- L.Ed.2d ---- (1998). We disagree with the Ninth Circuit's analysis that since the term "representation" included "some notion of materiality at common law," this indicates that Congress intended for materiality to be an element of the bank fraud statute. *See id.* This ignores that Congress now has employed the terms "material representation" and "material misrepresentation" in other statutes.[9] The fact that Congress uses the term "material" in conjunction with "representation" or "misrepresentation" in some statutes but not in others rebuts any presumption that Congress now intends to make materiality an element under a statute whenever it employs the term "representation" in that statute.

We are also unpersuaded by the Ninth Circuit's rationale that § 1344 targets fraud and, therefore, necessarily includes materiality as an element of bank fraud. This approach is inconsistent with *Wells,* which disfavors inferring a materiality requirement where the statutory language does not expressly include one. *See Wells,* --- U.S. at ----, 117 S.Ct. at 927; *Nash,* 115 F.3d at 1436.

E. *Tax Fraud:  26 U.S.C. § 7206(1)*

Finally, we address whether materiality is an element under 26 U.S.C. § 7206(1). The relevant language of § 7206(1) refers to "every material matter," as follows:

Any person who—

(1) Declaration under penalties of perjury.—Willfully makes and subscribes any return, statement, or other document, which contains or is verified by written declaration that

---

[9]All of the following statutes use either the term "material representation" or "material misrepresentation":  8 U.S.C. § 1324c(f);  11 U.S.C. § 505(b);  12 U.S.C. § 1715r;  15 U.S.C. § 78u-4(g)(10)(A)(i)(I);  15 U.S.C. § 158;  15 U.S.C. § 1647(b)(1);  42 U.S.C. § 8817(f);  25 U.S.C. § 88;  25 U.S.C. § 1494;  38 U.S.C. § 3721;  39 U.S.C. § 3005(d);  42 U.S.C. § 5919(f);  42 U.S.C. § 6881(d);  42 U.S.C. § 8835(g);  45 U.S.C. § 664(b);  45 U.S.C. § 720(d);  45 U.S.C. § 746(a);  45 U.S.C. § 832(b);  48 U.S.C. § 1574b(d).

it is made under the penalties of perjury, and which he does not believe to be true and correct as to *every material matter* ...

shall be guilty of an felony and, upon conviction thereof, shall be fined not more than $100,000 ... or imprisoned not more than 3 years, or both....

26 U.S.C. § 7206(1) (emphasis supplied). The government does not dispute that materiality is an element under § 7206(1) but contends that the materiality question is purely a question of law and appropriately was decided by the court.

Based on *Gaudin,* a majority of circuits addressing the question have held that the question of materiality under § 7206(1) is for the jury, not the judge. *See United States v. Uchimura,* 125 F.3d 1282, 1286 (9th Cir.1997); *United States v. McGuire,* 99 F.3d 671, 672 (5th Cir.1996) (en banc), *cert. denied,* --- U.S. ----, 117 S.Ct. 2407, 138 L.Ed.2d 174 (1997); *United States v. DiRico,* 78 F.3d 732, 736 (1st Cir.1996); *United States v. DiDomenico,* 78 F.3d 294, 303 (7th Cir.), *cert. denied,* --- U.S. ----, 117 S.Ct. 507, 136 L.Ed.2d 398 (1996). *But see United States v. Klausner,* 80 F.3d 55, 60-61 (2d Cir.1996). We now join the First, Fifth, Seventh, and Ninth Circuits in holding that the question of materiality under § 7206(1) is for the jury. The district court thus erred in not submitting the element of materiality to the jury regarding Neder's § 7206(1) offenses.

F. *The District Court's Gaudin Error Was Harmless*

In this circuit, *Gaudin* errors do not require automatic reversal but are subject to harmless error analysis. *United States v. Fern,* 117 F.3d 1298, 1307 (11th Cir.1997).[10] Thus, the government

---

[10]*Accord Bilzerian v. United States,* 127 F.3d 237, 242 (2d Cir.1997); *United States v. Knapp,* 120 F.3d 928, 932 (9th Cir.), *cert. denied,* --- U.S. ----, 118 S.Ct. 417, 139 L.Ed.2d 319 (1997); *Waldemer v. United States,* 106 F.3d 729, 732 (7th Cir.1996); *United States v. Raether,* 82 F.3d 192, 194 (8th Cir.1996). *But see United States v. DeFries,* 129 F.3d 1293, 1311-12 & n. 13 (D.C.Cir.1997) (*Gaudin* error was, per se, a reversible error); *United States v. David,* 83 F.3d 638, 647 (4th Cir.1996) (*Gaudin* error requires automatic reversal); *United States v. DiRico,* 78 F.3d 732, 737-38 (1st Cir.1996) (*Gaudin* error constitutes a "structural error" requiring automatic reversal); *United States v. Pettigrew,* 77 F.3d 1500, 1511 (5th Cir.1996) (harmless error analysis does not apply to *Gaudin* error).

must show that Neder was not prejudiced by the district court's *Gaudin* error. *Id.* (citing *United States v. Olano,* 507 U.S. 725, 734-35, 113 S.Ct. 1770, 1775-76, 123 L.Ed.2d 508 (1993)). The government has met that burden by showing that materiality was not in dispute regarding Neder's tax fraud offense.

Under § 7206(1), a "material matter" is any information necessary to a determination of a taxpayer's income tax liability. *See Uchimura,* 125 F.3d at 1285; *United States v. Aramony,* 88 F.3d 1369, 1384 (4th Cir.1996), *cert. denied,* --- U.S. ----, 117 S.Ct. 1842, 137 L.Ed.2d 1046 (1997); *Klausner,* 80 F.3d at 60; *see also United States v. Gaines,* 690 F.2d 849, 858 & n. 16 (11th Cir.1982) (stating that in a prosecution under § 7206(1), "the amounts of the misstatements were legally irrelevant...."); *United States v. Holland,* 880 F.2d 1091, 1096 (9th Cir.1989) (stating that "any failure to report income is material."). Neder's § 7206(1) convictions were based on his failing to report $1,372,360 in income in 1985 and $4,355,766 in income in 1986. An accurate reflection of income is critical to determining a taxpayer's income tax liability. Indeed, Neder did not contest the materiality of his failing to report this income either through testimony or evidence presented during the trial, or during closing argument. Neder did not even contest that he failed to report the money. Neder's defense on the § 7206(1) offenses related solely to his intent—specifically, that he had relied on the advice of his attorney and accountant that he was not required to report the money as income.

Because materiality was not in dispute with respect to Neder's tax fraud offense, the district court's *Gaudin* error "did not contribute to the verdict obtained." *Yates v. Evatt,* 500 U.S. 391, 403, 111 S.Ct. 1884, 1892, 114 L.Ed.2d 432 (1991) (quoting *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967)). Therefore, the district court's error was harmless.

III. CONCLUSION

The district court committed no reversible errors, and Neder's convictions are thus

AFFIRMED.