[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 15, 2008
THOMAS K. KAHN
CLERK

No. 07-13381
Non-Argument Calendar

_____

D. C. Docket No. 06-00026-CR-WLS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH KEVIN COCHRANE, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(April 15, 2008)**

Before BIRCH, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Kenneth Kevin Cochrane appeals his jury conviction for one

count of bank fraud, in violation of 18 U.S.C. §§ 1344, 2.  On appeal, Cochrane argues that the government failed to produce any evidence that he knew of the existence or purpose of the bank fraud scheme, or that he was a part of it; therefore, his conviction should be reversed.

When a defendant properly preserves his motion for acquittal, we review the "sufficiency of the evidence to support a conviction *de novo*, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict." *United States v. Taylor*, 480 F.3d 1025, 1026 (11th Cir. 2007), *cert. denied*, 128 S. Ct. 130 (2007). The government bears the burden of proving all elements of the offense beyond a reasonable doubt.  *United States v. Gaudin*, 515 U.S. 506, 510, 115 S. Ct. 2310, 2313, 132 L. Ed. 2d 444 (1995).

We must view the facts, and draw all reasonable inferences therefrom, in the light most favorable to the government.  *United States v. Hansen*, 262 F.3d 1217, 1236 (11th Cir. 2001).  "Reasonable inferences, and not mere speculation, must support the jury's verdict."  *United States v. Perez-Tosta*, 36 F.3d 1552, 1557 (11th Cir. 1994).  "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence

establishes guilt beyond a reasonable doubt." *United States v. Young*, 906 F.2d 615, 618 (11th Cir. 1990). This is so because "[a] jury is free to choose among reasonable constructions of the evidence." *United States v. Vera*, 701 F.2d 1349, 1357 (11th Cir. 1983) (citations and internal quotations omitted).

"A false explanatory statement may be viewed by a jury as substantive evidence tending to prove guilt." *United States v. Eley*, 723 F.2d 1522, 1525 (11th Cir. 1984). Further, "wholly incredible explanations may form a sufficient basis to allow the jury to find that the defendant had the requisite guilty knowledge." *United States v. Contreras*, 667 F.2d 976, 980 (11th Cir. 1982) (citations and internal quotations omitted). The existence of an agreement or scheme "may be proven by circumstantial evidence, including inferences from the conduct of the alleged participants." *See United States v. Silvestri*, 409 F.3d 1311, 1328 (11th Cir. 2005) (citations and internal quotations omitted).

The bank fraud statute has two parts: "[s]ection 1344(a)(1) requires the government to prove that the defendant (1) intentionally participated in a scheme or artifice to defraud another of money or property; and (2) that the victim of the scheme or artifice was an insured financial institution." *United States v. Goldsmith*, 109 F.3d 714, 715 (11th Cir. 1997). Subsection 2 requires the government to establish three elements: "(1) that a scheme existed in order to obtain moneys,

funds or credit in the custody of the federally insured financial institution; (2) that the defendant participated in the scheme by means of false pretenses, representations or promises, which were material; and (3) that the defendant acted knowingly." *Id.* "To satisfy either of these two subsections, the Government must prove specific intent to defraud." *Id.* at 716. "Where the indictment and instructions to the jury charge both clauses of the statute . . . the defendant's conviction may be sustained under either clause." *Id.*

Likewise, aiding and abetting occurs under 18 U.S.C. § 2 when the defendant has "the same willfulness and unlawful intent as the actual perpetrators of the fraud, that is, [he acts] with the intent to defraud." *United States v. Williams*, 390 F.3d 1319, 1324 (11th Cir. 2004). However, "[w]hile the Government must show intent, it need not show Defendant's knowledge of the particular means the principals employed to carry out the criminal activity." *Id.* at 1324 n.4.

Because the record demonstrates that Cochrane's version of events was directly controverted by the circumstantial evidence submitted by the government, which showed, among other things, that Cochrane knew the large sum of money in his bank account was not his, that he nonetheless withdrew over $19,000 of that money, and that he failed to inform the bank of the mistake, we conclude that the evidence was sufficient to establish that Cochrane knew of the scheme to defraud

4

the Navy Federal Credit Union, and he intentionally participated in that scheme.

Accordingly, we affirm his conviction.

**AFFIRMED.**