[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11485
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 10, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00029-CR-ORL-22-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SARDER FARUK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 10, 2009)

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Sarder Faruk appeals his 27 convictions of bank fraud. 18 U.S.C. § 1344.

Faruk argues, for the first time on appeal, there is a variance between his indictment and the factual basis for his guilty pleas. We affirm.

Faruk's knowing, voluntary, and unconditional plea of guilt "waive[d] all nonjurisdictional defects in the proceeding." United States v. Patti, 337 F.3d 1317, 1320 (11th Cir. 2003). Faruk may obtain relief from his pleas of guilt only if he identifies a defect that affected the power of the district court to enter its judgment. See United States v. Cotton, 535 U.S. 625, 630, 122 S. Ct. 1781, 1785 (2002). A jurisdictional error must be apparent on the "'face of the indictment or the record at the time of the plea.'" United States v. Tomeny, 144 F.3d 749, 751 (11th Cir. 1998) (quoting United States v. Caperell, 938 F.2d 975, 977–78 (9th Cir. 1991)).

Faruk's argument does not cast doubt on the jurisdiction of the district court. Faruk argues that he was charged with and pleaded guilty to violating section 1344(2), but that his conduct instead violated section 1344(1). The record reveals no jurisdictional defect. Faruk was indicted for and admitted violating section 1344, and the factual basis stated to support Faruk's guilty plea, that he kited checks at seven financial institutions, constitutes a violation of section 1344. See United States v. Goldsmith, 109 F.3d 714, 716 (11th Cir. 1997) ("Where the indictment . . . charge[s] both clauses of [section 1344], as was done in this case, the defendant's conviction may be sustained under either clause."); see also United

2

States v. Sirang, 70 F.3d 588, 595–96 (11th Cir. 1995) (check-kiting encompassed in 18 U.S.C. § 1344).  Faruk waived any nonjurisdictional error by unconditionally pleading guilty.

Faruk's convictions are **AFFIRMED**.