[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10837
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 24, 2011
JOHN LEY
CLERK

D.C. Docket No. 9:09-cr-80094-KLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GENO ROLLE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 24, 2011)

Before HULL, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Geno Rolle appeals his convictions and 135-month sentence after being found guilty of aiding and assisting aliens to illegally enter the United States, in violation of 8 U.S.C. § 1327 and 18 U.S.C. § 2, and illegally reentering or attempting to reenter the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2). Rolle raises several issues on appeal, which we address in turn. After review, we affirm Rolle's convictions and sentence.

I.

Rolle first asserts the district court erred in "numerous instances" by permitting the Government to introduce inadmissible evidence. He points to three specific rulings he suggests are emblematic of a broader failure to police the admission of evidence throughout the trial. First, he argues the court failed to rule on his objection to the Government's leading of a witness. Second, he argues the court erred in overruling his objection to the introduction of a defense witness's prior sworn statements because the prejudicial effect of the statements outweighed their probative value. Third, he contends the court erred in permitting the Government to question him about two smuggling trips he took in 2005, since the Government failed to provide prior notice of its intent to do so.[1]

---

[1] We review a district court's preserved evidentiary rulings for an abuse of discretion. *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003). However, evidentiary errors

A.

The district court is required to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to . . . make the interrogation and presentation effective for the ascertainment of the truth." Fed. R. Evid. 611(a). The court should generally ensure "[l]eading questions [are] not used on the direct examination of a witness except as may be necessary to develop the witness' testimony." Fed. R. Evid. 611(c).

Rolle's contention that he was substantially prejudiced by a leading question is without merit. The record shows the prosecutor's question sought only to clarify prior testimony, not to improperly supply the witness with new information. Moreover, the prosecutor immediately rephrased the question upon objection, rendering a ruling from the court unnecessary.

B.

Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. However, Rule 403 "is an extraordinary remedy which the district court should invoke sparingly, and the balance . . .

---

raised for the first time on appeal are reviewed for plain error only. *Id.* We review the prejudicial effect of all evidentiary errors, evaluated under both preserved and plain-error standards, in the aggregate. *United States v. Baker*, 432 F.3d 1189, 1203 (11th Cir. 2005).

should be struck in favor of admissibility." *United States v. Dodds*, 347 F.3d 893, 897 (11th Cir. 2003) (quotations and ellipsis omitted).

We review Rolle's challenge to the admission of the prior sworn statements for plain error only, since he did not specifically object to their prejudicial value at trial. After review, we find that contrary to Rolle's contention on appeal, the statements were not prejudicial at all, but rather were completely consistent with the defense's theory.

C.

Evidence of other crimes, wrongs or acts may be admissible as proof of the absence of mistake. Fed. R. Evid. 404(b). However, upon the request of the accused, "the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." *Id.*

Even if the district court erred in permitting the prosecutor to question Rolle about the two smuggling trips he made in 2005, the error was ultimately harmless. The evidence of the two additional trips was largely cumulative, and Rolle undoubtedly would have been convicted even if the Government had provided prior notice.

4

II.

Next, Rolle argues the district court erred in denying his motion for a judgment of acquittal. Specifically, he asserts the Government's evidence was insufficient to establish that he intentionally sailed toward the United States and was not merely lost at sea. He also contends the Government failed to establish that he entered the country while free from Government surveillance, or that he was aware his passengers were inadmissible.[2]

To prevail on an insufficient-evidence claim, the defendant must establish that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). Where a criminal indictment charges multiple bases for conviction under a single statute, a conviction may be upheld so long as sufficient evidence supports any of the bases. *See United States v. Goldsmith*, 109 F.3d 714, 716 (11th Cir. 1997).

8 U.S.C. § 1326(a) generally prohibits individuals who have been previously removed from the United States from reentering, attempting to reenter, or being "found in" in the United States. *See* 8 U.S.C. § 1326(a). To sustain an

---

[2]We review insufficient evidence claims *de novo*, viewing the evidence in the light "most favorable to the verdict . . . [and making] all inferences and credibility determinations in favor of the verdict." *United States v. Chirino-Alvarez*, 615 F.3d 1344, 1346 (11th Cir. 2010).

illegal attempted reentry conviction under § 1326(a), the Government must prove the defendant: (1) was an alien at the time of the offense; (2) had previously been removed; (3) had not received the express consent of the Attorney General to apply for readmission; and (4) attempted to enter the United States. *United States v. Marte*, 356 F.3d 1336, 1345 (11th Cir. 2004). To sustain a conviction under § 1327 for aiding or assisting aliens to illegally enter the United States, the Government must prove: (1) the defendant aided and assisted an alien to enter the United States; (2) the alien was inadmissible under 8 U.S.C. § 1182(a)(2) due to a prior felony conviction; and (3) the defendant engaged in his act of aiding or assisting knowing that the alien was inadmissible. *See* 8 U.S.C. § 1327. Section 1327 allows for conviction if the defendant knew that the alien was inadmissible for any reason; it does not require the defendant specifically knew about the alien's prior felony conviction. *United States v. Lopez*, 590 F.3d 1238, 1254 (11th Cir. 2009), *cert. denied*, 131 S.Ct. 413 (2010).

Rolle's convictions are supported by sufficient evidence. As to his conviction under § 1326(a), the superseding indictment charged both reentry and attempted reentry, and the conviction can be upheld on the basis of attempted reentry. The first three elements of attempted reentry are undisputed. As to the fourth element, the Government introduced overwhelming evidence Rolle

6

attempted to reenter the United States, including a videotape that showed him sailing directly toward the coast of Florida at high speed.

As to § 1327, the same evidence that established Rolle's attempt to reenter the country also established his effort to assist his passengers in doing likewise. Further, the evidence at trial showed his passengers were inadmissible under 8 U.S.C. § 1182(a)(2), and Rolle was aware they were not carrying valid reentry documents. Accordingly, the district court did not err in denying Rolle's motion for a judgment of acquittal.

### III.

Rolle argues the district court abused its discretion by denying his motion for a new trial. He argues the alleged evidentiary errors discussed above prejudicially affected his trial. He further contends prejudice is evident because the jury inconsistently convicted him of assisting two of his passengers in illegally entering the United States, but acquitted him of identical conduct with respect to the three other passengers.[3]

Here, the district court did not abuse its discretion in denying Rolle's motion. Rolle's theory as to why he deserves a new trial is based primarily upon

---

[3]We review a district court's denial of a motion for a new trial for an abuse of discretion. *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006) (*en banc*).

the previously discussed claims of evidentiary error, which do not warrant relief.

Further, to the extent Rolle argues "the interest of justice" requires a new trial

where the jury reaches an inconsistent verdict, that argument is foreclosed by

precedent. *See United States v. Odom*, 252 F.3d 1289, 1298 (11th Cir. 2001)

(stating inconsistencies in a jury's verdict do not open a defendant's convictions to

attack).

IV.

Rolle argues his trial counsel was ineffective during trial and at sentencing,

and he should therefore be granted a new trial. "[A] claim of ineffective assistance

of counsel may not be raised on direct appeal where the claim has not been heard

by the district court nor a factual record developed." *United States v. Khoury*, 901

F.2d 948, 969 (11th Cir. 1990), *modified on other grounds*, 910 F.2d 713 (11th

Cir. 1990). The preferred method of raising the issue of ineffective assistance of

counsel is not on direct appeal, but instead in a 28 U.S.C. § 2255 motion to vacate.

*Massaro v. United States*, 538 U.S. 500, 504-05, 123 S.Ct. 1690, 1694 (2003).

Only when the record is sufficiently developed will we consider an ineffective-

assistance claim on direct appeal. *United States v. Bender*, 290 F.3d 1279, 1284

(11th Cir. 2002).

Roll's trial counsel has not had an opportunity to develop the record regarding his alleged deficiencies. Without a factual record revealing the reasons for counsel's choices, we cannot effectively decide Rolle's claims. Accordingly, we dismiss the claims without prejudice to Rolle's remedy under 28 U.S.C. § 2255.

V.

Finally, Rolle challenges his 135-month total sentence on a number of grounds. We address each in turn.

A.

First, Roll argues the sentence violates his rights under the Fifth and Sixth Amendments because it was increased based on facts that were not charged in the indictment or presented to the jury. "When the district court applies the Guidelines in an advisory manner, nothing in *Booker* prohibits district courts from making, under a preponderance-of-the-evidence standard, additional factual findings that go beyond a defendant's admissions." *United States v. Smith*, 480 F.3d 1277, 1281 (11th Cir. 2007). We have held that there is no constitutional right to have all sentence-enhancing facts found by a grand jury and charged in the indictment. *United States v. Thomas*, 446 F.3d 1348, 1355 (11th Cir. 2006).

The district court imposed Rolle's 135-month sentence while treating the

9

Guidelines as advisory, and the total sentence did not exceed the statutory maximum. Accordingly, Rolle's constitutional challenges to his sentence are foreclosed by precedent.[4]

B.

Second, Rolle contends the district court abused its discretion by applying enhancements for obstructing justice, U.S.S.G. § 3C1.1, endangering others, U.S.S.G. § 2L1.1(b)(6), and using a special skill in the commission of a crime, U.S.S.G. § 3B1.3. The Guidelines provide for a two-level increase in the offense level where "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and . . . the obstructive conduct related to . . . the defendant's offense of conviction and any relevant conduct." U.S.S.G. § 3C1.1. A defendant is subject to a two-level increase in his offense level if his conduct involved "intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person." U.S.S.G. § 2L1.1(b)(6). Finally, U.S.S.G. § 3B1.3 provides for a two-level enhancement if the defendant "used a special skill, in a manner that significantly

---

[4]Where, as here, a party fails to object to an error before the district court, we review for plain error only. *United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005).

facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. The term "'special skill' refers to a skill not possessed by members of the general public and usually requiring substantial education, training or licensing." *Id.* comment. (n.4).

The district court did not abuse its discretion in applying the disputed guideline enhancements.[5] First, Rolle's testimony at trial was irreconcilable with the Government's evidence; therefore, the district court reasonably concluded Rolle committed perjury. *See United States v. Singh*, 291 F.3d 756, 763 (11th Cir. 2002) (stating a § 3C1.1 enhancement may be applied when a defendant commits perjury, defined as "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory"). Second, the district court reasonably concluded Rolle endangered his passengers because the facts showed his boat was ill-equipped with safety equipment and he operated it at a high speed without navigation lights. *See United States v. Caraballo*, 595 F.3d 1214, 1230-31 (11th Cir. 2010) (upholding a § 2L1.1(b)(6) enhancement because the defendant smuggled eleven aliens from the Bahamas to Florida on a 25-foot fishing boat that was equipped

---

[5]We review the district court's findings of fact for clear error and its application of the Sentencing Guidelines *de novo*. *United States v. Lopez-Garcia*, 565 F.3d 1306, 1323 (11th Cir. 2009).

with only three life jackets).  Third, the application of the "special skill" enhancement was warranted because, as we have previously recognized, a member of the general public is incapable of captaining a voyage from the Bahamas to Florida without a compass.  *See United States v. Calderon*, 127 F.3d 1314, 1339-40 (11th Cir. 1997) (holding the ability to navigate a 38-foot boat from the Bahamas to Florida in the dark without navigation lights qualifies as a "special skill").

C.

Finally, Rolle argues these guideline errors, as well as the court's failure to properly consider the statutory sentencing factors, rendered his total sentence both procedurally and substantively unreasonable.  In reviewing the reasonableness of a sentence, we conduct a two-step review.  First, we ensure the sentence was procedurally reasonable, meaning the district court properly calculated the guideline range, treated the guidelines as advisory, considered the 18 U.S.C § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence.  *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  Then, we examine whether the sentence was substantively reasonable in light of the record and the § 3553(a) factors.  *Id.* at 56, 128 S.Ct. at 600.  Although we do not apply a presumption of reasonableness,

12

"when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

Rolle's total sentence of 135 months was both procedurally and substantively reasonable.[6] Procedurally, the district court correctly calculated Rolle's guideline range and adequately discussed the reasoning behind its chosen sentence. Substantively, the district court reasonably concluded that a low-end guideline sentence was appropriate, relying on § 3553(a) factors such as Rolle's history of recidivism.

Based on a review of the record and consideration of the parties' briefs on appeal, we affirm Rolle's convictions and sentences.

**AFFIRMED IN PART, DISMISSED IN PART.**

---

[6]We ordinarily review the reasonableness of a district court's sentence under a deferential abuse-of-discretion standard. *Gall*, 552 U.S. at 41, 128 S. Ct. at 591. When a party fails to object to an error before the district court, however, we review for plain error only. *Raad*, 406 F.3d at 1323.