[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14563
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 5, 2012
JOHN LEY
CLERK

D.C. Docket No. 3:91-cr-00175-HLA-TEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELLIS E. NEDER, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 5, 2012)

Before HULL, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant Ellis E. Neder, Jr. appeals the denial of his pro se motion asking the district court to exercise its supervisory power to dismiss his indictment and vacate his federal convictions. After his § 2255 motion to vacate was denied in 2003, Neder filed this pro se motion in 2009. Because the district court lacked subject matter jurisdiction to entertain Neder's pro se motion, we vacate the district court's order and remand for the district court to dismiss Neder's motion.

## I.  FACTUAL BACKGROUND

In 1992, a jury convicted Neder on 73 counts stemming from Neder's fraudulent real estate deals. Neder was sentenced to 144 months' imprisonment and five years' supervised release. Neder's convictions and sentences were affirmed on direct appeal. See United States v. Neder, 136 F.3d 1459 (11th Cir. 1998), aff'd in part and rev'd in part, 527 U.S. 1, 119 S. Ct. 1827 (1999), convictions reinstated on remand, 197 F.3d 1122 (11th Cir. 1999).

In December 2001, Neder filed a motion to vacate his convictions and sentences pursuant to 28 U.S.C. § 2255. After an evidentiary hearing, the district court denied Neder's § 2255 motion on August 21, 2003. Both this Court and the district court denied Neder's motions for a certificate of appealability.

In December 2009, Neder filed the instant pro se motion requesting that the district court use its supervisory power to vacate his original 73 convictions and

2

dismiss his 73-count indictment. Neder's pro se motion argued that the requested relief was necessary due to the prosecutor's alleged misconduct. Specifically, Neder claimed that during his 1992 trial, the prosecutor withheld exculpatory documents and knowingly presented perjured testimony from one of Neder's co-conspirators, Thomas Turner. Then, in December 2004, the prosecutor destroyed a box of escrow records that Neder claimed would have rebutted Turner's testimony.

According to Neder's pro se motion: (1) in August 1994, Neder moved to protect the records, but the district court "turned a blind eye"; (2) before his § 2255 hearing in 2003, Neder asked the government to return the escrow records; (3) in his § 2255 proceedings, Neder raised the issue of his access to the allegedly exculpatory escrow records, but his request "to search the escrow records . . . in government possession was denied"; and (4) in denying his § 2255 motion, the district court found that "it was sufficient that a court appointed attorney for Neder had been given access to the thousands of records in government possession."

The district court denied Neder's pro se motion. The district court noted that Neder had unsuccessfully raised the same arguments at least twice before, including in his § 2255 motion, and that the government did not have an obligation to keep documents forever. The district court concluded that Neder

failed to show a violation of a recognized right or a defect in his convictions or sentences that would warrant the remedy requested. Neder appealed.

## II. DISCUSSION

Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a prisoner previously has filed a § 2255 motion, he must apply for and receive permission from this Court before filing a successive § 2255 motion. 28 U.S.C. §§ 2244(a), (b)(3), 2255(h). Absent this Court's permission, the district court lacks jurisdiction to address the motion, and it must be dismissed. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005).

After the denial of a prisoner's first § 2255 motion, we will look beyond the label of the prisoner's subsequently filed post-conviction motion to determine if it is actually, in substance, a successive § 2255 motion, or if it is similar enough that failing to hold it to the same requirements would be inconsistent with the AEDPA. Franqui v. Florida, 638 F.3d 1368, 1372-74 (11th Cir. 2011) (concluding Rule 60(b) motion in fact was an unauthorized successive § 2255 motion over which

4

district court lacked subject matter jurisdiction).[1]

Here, Neder already filed a § 2255 motion that was denied in 2003. Neder's pro se motion ostensibly asks the district court to use its supervisory powers to cure the government's 2004 destruction of documents. However, the substance of Neder's pro se motion seeks to invalidate his convictions and obtain his release based on alleged prosecutorial misconduct and Brady and Giglio violations during his 1992 trial, which the 2004 destruction of documents merely continues to "cover up." As such, Neder's pro se motion is actually a successive § 2255 motion, filed without the requisite certification from this Court. Accordingly, the district court lacked subject matter jurisdiction to entertain Neder's motion.

Neder alternatively asks us to construe his pro se motion as a petition filed pursuant to 28 U.S.C. § 2241. Under limited circumstances, a provision of § 2255 permits a federal prisoner to file a § 2241 petition. See 28 U.S.C. §§ 2241(a), 2255(e). Under the "savings clause," a federal prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is "inadequate or ineffective to test the legality of [a defendant's] detention." 28 U.S.C. § 2255(e). However, restrictions on successive § 2255 motions, standing alone, do not render that

---

[1]Whether subject matter jurisdiction exists is a question of law we review de novo. United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002).

5

section "inadequate or ineffective" within the meaning of the savings clause. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). Thus, the savings clause does not permit a prisoner to circumvent the requirements for filing a § 2255 motion merely by filing a § 2241 petition. Id. Moreover, Neder's pro se motion does not satisfy the criteria for applying the savings clause given that it does not rely on a retroactively applicable Supreme Court decision, much less one that establishes that Neder was convicted of nonexistent offenses. See id. at 1244.

Because the district court lacked jurisdiction to consider Neder's § 2255 motion, we vacate the district court's September 22, 2011 order and remand so the district court may dismiss Neder's motion for lack of subject matter jurisdiction.[2]

**VACATED AND REMANDED.**

---

[2]Even if an independent jurisdictional basis were to exist for entertaining Neder's pro se motion, the district court did not err in refusing to exercise its supervisory powers to vacate Neder's convictions and sentences and dismiss his indictment. The alleged "prosecutorial misconduct" Neder complains about is the December 2004 destruction of a box of escrow records subpoenaed by the grand jury in 1991. Neder was convicted in 1992 and exhausted his direct and collateral appeals of his convictions and sentences by 2003. In fact, Neder raised the issue of his access to the escrow records in his prior § 2255 motion, which was denied. Neder admits he knew of the escrow records before his 1992 trial, so they are not "newly discovered evidence" that might permit a successive § 2255 motion. See 28 U.S.C. § 2255(h)(1).

And, as the district court noted, the government is not required to preserve records indefinitely. Under these circumstances, the district court did not abuse its discretion when it concluded that Neder's requested remedy was not warranted. See United States v. Hastings, 461 U.S. 499, 505-06, 103 S. Ct. 1974, 1978-79 (1983) (stating that courts may use their supervisory powers to remedy a violation of a recognized right, to preserve judicial integrity or to deter illegal conduct).

6